IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ROGER LINDVALL,<br><br>    Plaintiff,<br><br>vs.<br><br>TRAVELERS, INC. AND CONSTITUTION STATE SERVICES,<br><br>    Defendants. | No. 1:18-cv-00008-SMR-CFB<br><br>**REPORT AND RECOMMENDATION ON THE MOTION FOR SUMMARY JUDGMENT** |

    This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 15), filed August 9, 2018.  Defendants contend summary judgment is appropriate because there is no entity known as Travelers, Inc., and neither Travelers, Inc. nor Constitution State Services ("CSS") were the workers' compensation insurance carrier for Plaintiff's claim.  During the status conference held September 24, 2018, Plaintiff, Roger Lindvall, asserted that he does not resist the Motion for Summary Judgment, and agrees that these two Defendants should be dismissed; Plaintiff has identified Defendants he asserts should be substituted.  (ECF No. 19).

### I. SUMMARY JUDGMENT STANDARD

    A court shall grant a motion for summary judgment if the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the movant is able to show that there is no genuine dispute as to any material fact precluding judgment in his favor, the burden shifts to the nonmoving party, who, by affidavit or other evidence in the record,

1

must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 680 (8th Cir. 2012). Instead, the nonmoving party must show that the evidence in the record could support a reasonable jury finding in the nonmoving party's favor. *Anderson*, 477 U.S. at 248. The Court "review[s] the evidence and the inferences that reasonably may be drawn from the evidence in the light most favorable to the nonmoving party." *Jefferson Hosp. Ass'n*, 685 F.3d at 680 (internal quotation marks omitted).

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

Plaintiff's Petition, filed October 26, 2017, in the Iowa District Court for Pottawattamie County and removed to this Court on February 22, 2018, pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, alleged claims for bad faith, breach of fiduciary duty, breach of contract, fraud, intentional infliction of severe emotional distress, and punitive damages.

Defendants' Statement of Facts (ECF No. 15-1) is deemed admitted. *See* Local Rule 56 (b) ("The failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact."). Defendants' Statement of Facts provides, in relevant part: (1) This action arises out of a February 25, 2011 car accident wherein Plaintiff was injured; (2) the accident occurred during the course of Plaintiff's employment with Medrad, Inc.; (3) Plaintiff's claims "arise out of the alleged duties and breach thereof of the workers' compensation carrier arising out of the claims related to his work injuries and the assertion of a lien right in the third party claim arising from those injuries"; (4) Indemnity

Insurance Company of America was the workers' compensation insurance carrier for Plaintiff's employer at the time Plaintiff sustained the injuries; (5) Ace American Insurance Company was the underinsured motorist insurance carrier for Plaintiff's employer; (6) Defendant CSS performs third-party administrative claims-adjusting services for insurance carriers; (7) there is no known entity, "Travelers, Inc." as named in Plaintiff's Petition; (8) neither Travelers, Inc. nor CSS were the workers' compensation carrier or the underinsured motorist carrier for the Plaintiff's claims.

### III. DISCUSSION

Defendants assert they are entitled to summary judgment because Travelers, Inc., as named in the Petition, is not a known entity; Plaintiff's bad-faith claim cannot be brought against the third-party administrator, CSS; Plaintiff's allegations of breach of fiduciary duty and breach of contract are inapplicable to CSS because no fiduciary relationship existed between Plaintiff and CSS, and Plaintiff has not identified a contract between himself and CSS; Plaintiff has failed to establish outrageous conduct or a personal-injury tort to maintain a claim for intentional infliction of emotional distress against CSS; and Plaintiff has failed to establish evidence of malice, fraud, or illegal conduct justifying an award of punitive damages.

Without addressing whether Plaintiff has presented sufficient material facts to establish general claims of intentional infliction of emotional distress and punitive damages against appropriately named parties, this Court finds summary judgment is appropriate as to Defendants Travelers, Inc. and CSS. Because there is no known entity of, "Travelers, Inc," the action may not be maintained against this named party. Also, CSS was merely the third-party administrator. CSS contracted with the workers' compensation insurer for Plaintiff's employer, Indemnity Insurance Company of North America, but did not have a contractual relationship with Plaintiff. As such, CSS cannot be held liable for any of the claims as alleged by Plaintiff in this matter.

Having reviewed the Motion for Summary Judgment (ECF No. 15) and the attachments, this Court concludes Defendants Travelers, Inc. and CSS are entitled to summary judgment for the reasons and authorities cited in Defendants' Brief in Support of Motion for Summary Judgment (ECF No. 15-2).

## VI. RECOMMENDATION AND ORDER

IT IS RESPECTFULLY RECOMMENDED, under 28 U.S.C. § 636(b)(1)(B), for the reasons outlined above, that Defendants' Motion for Summary Judgment be **granted**.

IT IS ORDERED that by October 9, 2018, any parties must file written objections with the District Court, under 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993). The Court will freely grant such extensions. *Martin v. Ellandson*, 122 F. Supp. 2d 1017, 1025 (S.D. Iowa 2000). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and set forth the basis for such objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357; *Martin*, 122 F. Supp. 2d at 1025. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) (citing *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994)).

IT IS SO ORDERED.

Dated this 25th day of September, 2018.

*Celeste F. Bremer*

**CELESTE F. BREMER**
**UNITED STATES MAGISTRATE JUDGE**